**State of Minnesota**

| County | **District Court** |
| --- | --- |

**District Court**

Judicial District: 6th
Court File Number:
Case Type: Civil Case

County: St. Louis

Clifton Scott Campbell
Plaintiff

vs                                               **Civil Summons**

City of Duluth, MN el, al.
Defendant

This Summons is directed to (name of Defendant):

Officer Kneeland

1.      **You are being sued.** The Plaintiff has started a lawsuit against you. The *Complaint* is attached to this *Summons*. Do not throw these papers away. They are official papers that start a lawsuit and affect your legal rights, even if nothing has been filed with the court and even if there is no court file number on this *Summons*.

2.      **You must BOTH reply, in writing, AND get a copy of your reply to the person/business who is suing you within 21 days to protect your rights.** Your reply is called an *Answer*. Getting your reply to the Plaintiff is called service. You must serve a copy of your *Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the *Summons* and *Complaint*.

ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch website at www.mncourts.gov/forms under the "Civil" category. The instructions will explain in detail how to fill out the *Answer* form.

3.      **You must respond to each claim.** The *Answer* is your written response to the Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they asked for in the *Complaint*, you must say that in your *Answer*.

4.      SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default.

You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

1101 Linden Lane Faribault, MN 55021

5.    Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.    **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.    **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer,* even if you expect to use ADR.

03/20/2025
Date

Clifton J. Campbell
Signature

Name: Clifton Scott Campbell
Address: 1101 Linden Lane
City, State, Zip: Faribault, MN 55021
Telephone: 1-507-334-0700
E-mail: N/A

State of Minnesota

County of St. Louis                              District Court: 6th

                                                Case type: Civil

Clifton Scott Campbell

      Petitioner,


      V.


City of Duluth Minnesota el, al.

      Respondent,


**Complaint:**

On December 16th, 2021, in the City of Duluth Minnesota. County of St. Louis while acting in the scope of their employment and acting under the color of law of the States policy's, customs, practices and procedures and while acting with actual malice, wanton, willful, deliberate and with reckless disregard and acting in their official ministerial duties. I was deprived of my constitutional rights under the 1st, 4th, 8th and 14th amendment when Officer Kneeland of the Duluth Minnesota Police Department illegally used unnecessary excessive force against me. Officer's involved also failed to intervene and committed liable against me. From the officer's illegal actions, it has caused me injury of emotional distress, covid-19 and to have permanent bain damage which causes loss and lapse in memory. Cloudy thoughts permanent loss of business profit's, damage to my business, business profits, profits and reputation and standings in the community. Reasonable relief in recovery of damage's in an amount greater than $50,000 is sought.


      Respectfully Submitted,

      Clifton Scott Campbell

      03-20-2025

      X Clifton Campbell

Campbell

**State of Minnesota**

| County | **District Court** |
|---|---|
| St. Louis | Judicial District: 6th |
| | Court File Number: |
| | Case Type: Civil Case |

_Clifton Scott Campbell_
Plaintiff

vs                                        **Civil Complaint**

_City of Duluth, MN el, al._
Defendant

---

The Plaintiff makes the following complaints against the Defendant:

If you have more than 1 complaint against Defendant, list each complaint separately, including any supporting facts.

1. Excessive force was used against me when officer Kneeland brutally assaulted me and illegally choked me using a band choke-hold causing me to have permanent memory loss.

2. Defamation was comitted by officers causing injury to my business, business profits, future business profits & standings in the community. All which caused me to get covid-19.

3. Officers failed to intervene & report. Causing Emotional distress also.

4. Causing deliberate Indifference & violation of Constitutional rights of the 1, 4, 8 & 14th Amend. Permanent damage to business, business profits and memory.

5. For any other relief the court feels is fair and equitable.

Based on the complaints above, Plaintiff demands the following relief:

1. Relief in the recovery of damages in a amount greater than $50,000 is sought.

2. Also requesting that all legal fee's be paid by the defendant.

3. Ask that all officers be relieved from there official duties permanently and not be allowed to work in any form of Law enforcement now or in the Future.

4. _____
   _____
   _____

*Add another page if more space is needed. Do not use the back of the paper.*

## ACKNOWLEDGMENT

By presenting this form to the court, I certify that to the best of my knowledge, information, and belief, the following statements are true. I understand that if a statement is not true, the court can order a penalty against me (such as to pay money to the other party, pay court costs, and/or other penalties).

1. The information I included in this form is based on facts and supported by existing law.

2. I am not presenting this form for any improper purpose. I am not using this form to:
   a. Harass anyone;
   b. Cause unnecessary delay in the case; or
   c. Needlessly increase the cost of litigation.

3. No judicial officer has said I am a frivolous litigant.

4. There is no court order saying I cannot serve or file this form.

5. This form does not contain any "restricted identifiers" or confidential information as defined in Rule 11 of the General Rules of Practice (https://www.revisor.mn.gov/court_rules/gp/id/11/) or the Rules of Public Access to Records of the Judicial Branch (https://www.revisor.mn.gov/court_rules/rule/ra-toh/).

6. If I need to file "restricted identifiers," confidential information, or a confidential document, I will use Form 11.1 and/or Form 11.2, as required by Rule 11.

03-20-2025
Date

*Clifton Campbell*
Signature

Name: Clifton Scott Campbell
Address: 1101 Linden Lane
City, State, Zip: Faribault, MN 55021
Telephone: 1-507-334-0700
E-mail: N/A

State of Minnesota

District Court: 6th

Case No: 69DU-CV-AD-24-1

County of

Case type: Civil Case

St. Louis


Clifton Scott. Campbell

       Petitioner,

   V.

City of Duluth, el al.

       Respondent,


## Pleading


In this civil suit I will be suing for the following.


1. 42 U.S.C.S. § 1983 Use of Unnecessary Excessive force/ Municipality Liability
2. Defamation/Interference with Business, business profits and future profits, business relationships and standings in the community
3. Deliberate Indifference & Intentional infliction of emotional distress
4. Failure to Intervene


   FACTS:


## Opening Statement

1. I Clifton Scott Campbell the petitioner in this civil matter am bringing this civil suit against the City of Duluth Minnesota el, al. City of Duluth Minnesota for being the moving force behind the multiple constitutional rights violations against myself of the 1st, 4th, 8th and 14th amendment.

Also bringing this civil suit against all of the police officers stated in this civil suit acting under the color of law of the States policy's, custom's, practice's and procedure's and acting with actual malice, wanton, willful, deliberate and with reckless disregard and also in their official ministerial duties. I was deprived of my constitutional rights under the 1st, 4th, 8th and 14th amendment when on December 16th 2021 me and my girlfriend were having a heated argument across the street from the police substation in Duluth Minnesota. There was a police officer standing outside in the dark shining her flashlight around in front of the police substation. This officer was later identified as (Officer Schutte) of the Duluth police department. As me and my girlfriend were arguing with each other walking towards the officer we were trying to explain to the officer each side of our issue. Officer Schutte then ignores my girlfriend and turns towards me and asked me to show her my ID. I didn't think it was fair that she was only asking me for my id, so I then refused to show it to her. As I was walking away from her, two other officers a suddenly came out of the police substation. One of the officers said something as I continued walking away. This officer was later identified as (Officer Kneeland) of the DPD. As I continued to walk away, I looked behind me and there was Officer Kneeland walking behind me fast in the dark saying something which I couldn't understand. When I looked back again he wasn't there anymore.

2. All of a sudden out of nowhere I hear tire's skidding out loudly making a loud noise as a police truck turned the corner very wildly. I got scared and started to run away. As I get away from the truck I proceed to walk slowly through a walkway that leads to a mall and a mall area parking lot. All of a sudden from the other end of the parking lot I see headlight's coming from around a building corner fast towards me. As the lights pull up on me fast and comes to a holt 5 to 10 feet in front of me I realize it was the police truck that was casing me. As I stop moving, the doors from the truck swing open with force as two police officer's jump out and runs towards me. These officers were later

identified as (Officer Kneeland & Officer Schutte) of the Duluth Police Department.

### 42 U.S.C.S. § 1983 Unnecessary use of excessive force

3. Officer Schutte then runs up to me and slaps one cuff on my right wrist without putting the other cuff on. Then Officer Kneeland acting in his official ministerial duty's and acting within the scope of his employment yells out loud "PUT YOUR HANDS ON THE CAR!" and runs up and grab's my left hand and bends my hand back towards my back with unnecessary excessive force while pushing my arm back and up at the same time. I then felt a lot of pain shoot through my hand, wrist and shoulder all at the same time. 42 U.S.C.S. § 1983. Citing the Unnecessary use of excessive force by six unknown FBI agents. Citing also the Municipalities can be held liable for damages. The judgement affirming the dismissal of the petitioner's suit against the federal agents in federal court was reversed and remanded, because a federal remedy for an unlawful search and arrest allegedly in violation of the Fourth Amendment was not limited to conduct condemned by the state.

4. I was not resisting arrest or posing any threat to the officer or any other person at the time Tenn. v. Garner, 471 U.S. 1 id at 11, 105 S ct. 1694 Where the suspect poses no immediate threat to the officers and no threat to others "deadly force may not constitutionally be used. (Affirming the judgement, the Court found that the apprehension of a suspect is a seizure for the purposes of the constitution and the use of deadly force to achieve a seizure was only permitted under certain circumstances) when I then screamed out loudly in pain saying

"OWWWWW!". While acting under the color of law of the state's policy's, custom's, practice's and procedure's and acting with actual malice, wanton, willful, deliberate and with reckless disregard and acting in his official minstrel duties Officer Kneeland then yells out loudly "STOP RESTITTING!" and punches me brutally in the right side of my jaw with a closed fist. 42 U.S.C.S. § 1983. Citing the Unnecessary use of excessive force by six unknown FBI agents. Citing also the Municipalities can be held liable for damages. The judgement affirming the dismissal of the petitioner's suit against the federal agents in federal court was reversed and remanded, because a federal remedy for an unlawful search and arrest allegedly in violation of the Fourth Amendment was not limited to conduct condemned by the state. Violation of my constitutional rights under the 4th, 8th and 14th amendment. Violation of Minn. Const. art. 4, 8 & 14. In violation of the Duluth Police Department policy manual 300. See: exhibit # 1 and also in Violation of Minn Stat. 626. 8457/ Minn Stat. 609. 43 subd. (1) (2) (2010) Professional conduct of peace officers.

5.  Officer Kneeland knew at the time when he used excessive force against me that the force he used was unreasonable and would violate an official policy on using excessive force. Graham v. Connor, 490 U.S. 386 Supreme Court held; a "seizure" qualifies as "unreasonable if officers use of excessive force in carrying it out id 490 U.S. 386, 395, 109 S ct. 1865, 104 L Ed 2d 443 (1989). Diabetic filed a 42 U.S.C.S. § 1983 action against respondent law enforcement officers to recover damages for injuries he sustained when physical force was used against him during an investigatory stop, while he was on his way to

obtain orange juice to counteract the onset of an insulin reaction. The appellate court endorsed the four-factor test applied by the trail court.

6. Because Officer Kneeland knew at the time when he assaulted me that it was illegal and would violate an official policy on using excessive force immunity should be denied <u>Malley v. Briggs, 475 U.S. 335, 342, 106 S. Ct. 1092, 1092, 1096, 89 L Ed. 2d 271 (1986)</u> Qualified immunity is denied only when "it is obvious that no reasonably competent officer would have concluded "that the defendants' actions were legal. <u>Harlow 457 U.S. at 818-19, 102 S. ct. at 2738</u> Quote; "If the law was clearly established, the immunity defense should fail, since a reasonable competent public official should know the law governing (his or her) conduct". <u>Mellgren v. City of Minneapolis, 1999 Minn. App</u> LEXIS 30. The court held that defendants, city and police officer, had not shown that officer's conduct satisfied any prong of the three-part legal reasonableness test. Because defendants had the burden of demonstrating that they were entitled to official immunity, the court affirmed the district court's denial of defendants' motion for summary judgement in plaintiff's action alleging assault and false imprisonment. See; <u>Elwood 423 N.W. 2d at 679</u> "Official immunity" is not intended to <u>shield police brutality. Anderson v. Creighton, 483 U.S. 635, 639-4Q 107 S. ct. 3034, 97 LED 523 (1987) id at 640, 107 S ct. 3034</u> It was sufficiently clear that a reasonable official would understand that what he is doing violates that person fourth amendment rights under the constitution.

7. <u>Leonzal v. Grogan, 516 N.W. 2d 210</u> The court reversed the order denying the city's vicarious official immunity. Also citing; Minn stat. §

466.03 (1988) Provided that the immunity provided to the city did not apply to claims for personal injury which included defamation claims. This which is a result of the municipality's failure to review, discipline, supervise and adequately train its officers which amounted to the deliberate indifference of my constitutional rights of the 4th, 8th and 14th amendment of the United States Constitution. <u>City of Canton v. Harris, 489 U.S. 378</u> The Court, holding that respondent's civil rights claim was cognizable only if petitioner's failure to train its police force reflected a deliberate indifference to the constitutional rights of its inhabitants, vacated the judgement of the court of appeals, and remanded the case for further proceedings to determine whether respondent should have had an opportunity to prove the case under the "deliberate indifference" rule. Also see; <u>Dudley v. Stubbs, 489 U.S. 1034</u> The jury returned a verdict against Officer Dudley in the amount of $26,000 for alleged violations of respondent's eight amendment rights....

8. The Duluth police Department policy manual 300 doesn't state a remedy or updated policy on how officers should control their actions and their emotions when in situations where their adrenaline starts to run high and there under a lot of stress from having to apprehend a suspect. The Duluth Police Department has on record over a thousand of complaints of officers using excessive force and complaints of misconduct by their officers. The assault by Officer Kneeland has caused me to have permanent memory loss to where it becomes very hard for me to think properly. My thought process has become very cloudy and diminished. It is really hard to focus my thoughts and remember things like name's, places, people, event's and other thing's that may be related to the memory process. It has caused me to have

very bad emotional distress and paranoia on a day to day basis which will last me for the rest of my life. The assault by Officer Kneeland has caused me brain damage to where it has affected my business, business profits and future business earnings and business relationships and standings in the community. <u>Larson v. Independent School District</u> No. 314 <u>289 N.W. 2d. 112</u> 121-23 (Minn 1979) Personal liability of Municipals and employees who continued to be liable for unlimited compensatory damages. Also see. <u>Douglas v. City of Minneapolis, 304 Minn. 259, 230 N.W. 2d 577 (1975)</u>

<u>42 U.S.C.S § 1983 Unnecessary use of force</u>
**Use of a band Choke-hold & Failure to Intervene**

9.  It took me about 5 to 10 seconds to realize that I had just been brutally punched in the jaw by Officer Kneeland. When I finally realized that he had just been punched me I got really angry and screamed out loudly at him saying, "DID YOU JUST HIT ME!?". Swearing at him at the same time. After about 10 to 20 seconds of me screaming at him and swearing at him, Officer Kneeland as if he was in a trance realized finally that I was talking to him and then changed his voice tone and yells out loud, "NO, NO, NO, I DIDN'T HIT YOU!". Then out of know where snaps out of that and yells out loud "GET ON THE GROUND!". Acting in his official minstrel duties and with actual malice, wanton, willful, deliberate and with reckless disregard grabs me from the back with one hand on my shoulder and throws me on the pavement in the middle of the parking lot in the dark in the blistering and begins to viscously choking me around my neck with one hand. 42 U.S.C.S. §

1983. The judgement affirming the dismissal of the petitioner's suit against the federal agents in federal court was reversed and remanded, because a federal remedy for an unlawful search and arrest allegedly in violation of the Fourth Amendment was not limited to conduct condemned by the state." In violation of Minn. Const. art. 1, 8 & 14. In violation of the Duluth police Department policy 300. See: exhibit # 1. Citing also the statue against using certain choke-holds Minn Stat. 609.06 subd. 3. (A) (1) Limitations on the use of Certain restraints a choke hold. Officer Kneeland should not be allowed immunity because of the fact that he knew his actions where obviously not legal at the time he was illegally choking me on the ground and knew that know competent officer would conclude that his or her actions was legal. Malley v. Briggs, 475 U.S. 335, 342, 106 S. Ct. 1092, 1092, 1096, 89 L Ed. 2d 271 (1986) Qualified immunity is denied only when "it is obvious that no reasonably competent officer would have concluded "that the defendants' actions were legal. Also citing; Minn stat. § 466.03 (1988) Provided that the immunity provided to the city did not apply to claims for personal injury which included defamation claims.

10.      As I was struggling trying to breath, he then switches from choking me around my neck with one hand to choking me viciously underneath my Adams apple with his right forearm. As I'm struggling trying to breath gagging for air I look out the corner or my eye and out of know where see another police truck pull up fast about 5 feet in front of me while officer Kneeland is still choking me underneath my Adams apple. Then an officer jumps out of the police truck and looks at Officer Kneeland choking me in astonishment with her mouth wide

open. This officer was later identified as officer "Lemendger" of the Duluth police department. As she just stood there and did nothing to intervene and stop Officer Kneeland from choking me in <u>violation of Minn Stat: 626. 8475 (1). (2). (b)</u> Duty to intercede and report. Also see; <u>Putman, 639 F. 2d at 423</u> Citing the failure to intervene. Officer Schutte then comes from around the squad car which Officer Kneeland and her where in which was (squad # 34) and pulls out her taser and points it at me on the ground and yells out loud "TURN AROUND ON YOUR BACK OR I WILL TASE YOU!". I then yell out "OK!" an turned around on my back somehow as Officer Kneeland and Officer Schutte proceed to handcuff me.

11.      In exhibit # 4, 5 or 8, Officer Kneeland admits to choking me around my neck while I was on the ground using a band choke-hold. Officer Kneeland in his official case report states this. Officer Kneeland: "I put either my hand or forearm underneath CAMPBELL's chin and neck area. I did this because I knew that if I could control CAMPBELL's head, then I could control the rest of his body. When I put my hand on his chin and neck area, I was able to maintain relative control of him until officer Schutte (Squad92) arrived on the scene to assist. Shortly after Officer Schutte arrived, she helped me maintain control of the rest of CAMPBELL's body. I took my hand off his chin and neck area." <u>Los Angeles v. Lyons, 453 U.S. 1308</u> The court ordered a stay of the lower court's order affirming the trial court's granting of the injunction, pending a timely filing of a petition for certiorari by applicants and the disposition thereof by the court. <u>Elwood 423 N.W. 2d at 679</u>. Citing also that official immunity is not intended to shield police brutality. Violation of Minn Stat. 626. 8457/ Minn Stat. 609. 43 subd. (1)

(2) (2010) Professional conduct of peace officers. Constitutional rights violation of the 4th, 8th and 14th amendment. Violating also Minn stat. 609.06 Subd. 2 (b) A peace officer shall not use deadly force against a person based on the danger the person poses to self if an objectively reasonable officer would believe, based on the totality of the circumstances known to the officer at the time and without the benefit of hindsight, that the person does not pose a threat of death or great bodily harm to the peace officer or to another under the threat criteria in paragraph (a). clause (1), items (i) to (iii). <u>Larson v. Independent School District</u> No. 314 <u>289 N.W. 2d. 112</u> 121-23 (Minn 1979) Personal liability of Municipals and employees who continued to be liable for unlimited compensatory damages. Also see. <u>Douglas v. City of Minneapolis, 304 Minn. 259, 230 N.W. 2d 577 (1975)</u>

## Defamation Interference with business, business profits & future profits and relationships and standings in the community

12.      I was then drove over to where officer Schutte was parked in her police truck by herself. Officer Kneeland wasn't in the truck with her at that time as I was transferred into officer Schutte police truck by another officer and then brought to the St. louis county jail by Officer Schutte. As she was talking to me she said something to me that upset me and I began to swear at her calling her the "B" word several times. Being upset that I talked to her that way and acting with actual malice, wanton, willful, deliberate and with reckless disregard of the truth and acting within the scope of her employment Wiita <u>v. City of Minneapolis, 1996 Minn. App. LEXIS.</u>  Citing officers acting within the scope of their

employment. Officer Schutte also acting in her official ministerial duty's, then told the deputy who was talking with her at her police truck driver's side door at the St. louis County Jail inside the sally port that I threatened to kill everybody. See exhibit # 4, 5 or 8. I was then taking inside and held in the county jail on multiple charges. One of the charges I was charged with was 1st degree threats against a peace officer. Officer Schutte then falsified her police report doing so with actual malice, wanton, willful, deliberate and with reckless disregard of the truth <u>New York Times Co. v. Sullivan, 376 U.S. 254</u> Stating: The court defined actual malice as knowledge that the defamatory statement was false or made with reckless disregard.

13.    This is the official police report by Officer Schutte see exhibit 4, 5 or 8. ("CAMPBELL made multiple threats towards police, specifically Officer Kneeland. CAMPBELL made statement to the effect of: If that mother fucker didn't have his gun I would have killed him; don't worry mother fuckers I'll be out one day; you better fucking watch back; and I'll beat his fucking ass. CAMPBELL indicated he would locate Officer Kneeland when he was not in uniform and physically assault him.") Also stating: "He proceeded to curse at me and make threats toward officers". See: <u>Larson v. Garnnett Co., 940 N.W. 2d. 120. Holding: Plaintiff, an individual who had been a suspect in a murder investigation, was entitled to a new trail in his defamation action arising from news statements in the news reports were a fair and accurate account of the press conference or press release.</u> Also see; <u>Hirman v. Rogers 257 N.W. 2d. 564 (1977)</u> False statements by police with actual malice and reckless disregard of the truth of whether the statements were false or not. This in violation of my 1st, 8th and 14th

amendment rights under the United States Constitution.  Also see
**Minn. Const. art. 1, 8 & 14.**

14.      This was done by her because of me calling her the "B" word in
the back of police truck on the way to the St. Louis County Jail and for
her also trying to cover up the fact that Officer Kneeland just brutally
punching me in the jaw using unnecessary excessive force and illegally
used a band choke-hold against me. I am holding the City of Duluth,
former Chief Tusken, Officer Kneeland, Officer Schutte and Officer
lemendger with joint liability also for the liable statement made against
me by Officer Schutte see: **Chicago, R. I. & P. R. Co. v. Dowell, 229 U.S.
102.** Affirming, the Court ruled that, where the injured laborer alleged
that the concurrent negligence of the railroad company and its
employee, the engineer, was the cause of his injury, he had a right to
join them in one action. When he elected to do so, it supplied no ground
for removal because he might have sued them separately. There was
no error in denying the petition to remove. The Court affirming the
judgment of the lower court.

15.      Being charged with 1st degree threats against a peace officer
from Officer Schutte and Officer Kneeland and the other officers
involved caused me to not be able to post bail while locked up in the
St. Louis County Jail. From not being able to post bail I got covid-19
while locked in jail see exhibit # 6. Almost the whole entire jail had
gotten it. I had gotten very sick and lost about 30 to 40 pounds in about
3 days because of the deliberate defamatory statement committed by
Officer Schutte. I could not get out of bed for about 3 days due to me
being so sick. I will have covid-19 for the rest of my life and could

eventually get very sick and die due to me having type 2 diabetes and covid-19. Having covid-19 and type-2 diabetes at the same time is a very high-risk factor of me getting ill and dying from it. Though Officer Schutte liable statements it has caused me to get covid-19 has diminished my daily functions and has completely damaged me mentally and physically. It has damaged by business, business profits and future earnings and business relationships and standings in the community. Citing; <u>Moreno, 610 N.W. 2d at 332</u>. Therefore, for a news report to be protected by fair and accurate reporting privilege, the media cannot edit or present the law enforcement statements in a way that makes it misleading. Specially, the privilege can be defeated if the report is not "a fair abridgement" of events at the proceeding, id at 331. Also citing; <u>Prince v. Brooklyn Daily eagle 23 F. Supp. 37</u>. Stating that a jury may award substantial exemplary damages even though no actual financial injury has been suffered. Citing; <u>Leonzal v. Grogan, 516 N.W. 2d 210.</u> The court reversed the order denying the city's vicarious immunity.  <u>In violation of Duluth police Department Manual Policy 300.</u> <u>Violating Minn Stat: 609.765 Criminal Defamation</u>

16.     Also citing; <u>Bahr 766 N.W. 2d at 920</u> (citation omitted) (internal quotation marks and alteration omitted) <u>819 N.W. 2d 104</u> If it effects the plaintiff's business, trade, profession, office or calling it is defamation perse and this actionable without any proof of actual damages. Also citing; <u>Krosh v. Mulder, 1992. App.</u> LEXIS 60- The court affirmed the trial courts summary judgement in favor of the board and the director in the bus driver's action for defamation, interference with business relationships, and negligent inflection of emotional distress. This is due to the municipality's failure to train its officers and

reviewing and updating their policy's. Citing; City of Caton v. Harris, 489 U.S. 378 Court holding that respondents civil rights claim was cognizable only if petitioner's failure to train amounted to deliberate indifference. Also citing; Minn stat. § 466.03 (1988) Provided that the immunity provided to the city did not apply to claims for personal injury which included defamation claims. Also citing; Malley v. Briggs, 475 U.S. 335, 342, 106 S. Ct. 1092, 1092, 1096, 89 L Ed. 2d 271 (1986) Qualified immunity is denied only when "it is obvious that no reasonably competent officer would have concluded "that the defendants' actions were legal. Citing also; Paul v. Davis, 424 U.S. 693 The court reversed the judgement finding in favor of respondent accused that a valid Due process Clause claim was stated against petitioner police chief. The alleged defamation, without injury to tangible interest or state provided rights, was not sufficient to invoke the protection of the Due Process Clause. Officer Schutte deliberately made her statement in her police report committing liable knowing that what see was saying was false doing so with reckless disregard of the truth and in bad faith with actual malice. The fact is that in her statement you can clearly see that what she was stating that I said to her in back of the police truck was way far from the actual truth. From the fact that see made that statement with malice because I called her "b***h" several times in back of the police truck and the fact that see wanted to get me with an extra charge to keep me locked up in the county jail because she witnessed Officer Kneeland brutally punch me in the jaw and seen Officer Kneeland illegally choking me on the ground with one hand then him switching over to choking me with his forearm illegally and her and Officer Lemendger did nothing to intervene at that moment. Moreno, 610 N.W. 2d at 332. Therefore, for a

news report to be protected by fair and accurate reporting privilege, the media cannot edit or present the law enforcement statements in a way that makes it misleading. Specially, the privilege can be defeated if the report is not "a fair abridgement" of events at the proceeding, id at 331. Also citing; <u>Prince v. Brooklyn Daily eagle 23 F. Supp. 37.</u> Stating that a jury may award substantial exemplary damages even though no actual financial injury has been suffered. Here I prove the elements to my claim for defamation. Here are the elements.

17.

### Defamation Elements:

1. The defamatory statement was communicated to someone other then the plaintiff; The statement given by officer Schutte was communicated to other officers of her department. Wrote in her official police report. See exhibits 4, 5 & 8.  Liable statements were communicated to the courts, Judges, prosecutor, public defender's office. Public defenders. Court clerks. See exhibits: 3, 4, 5, 8. The liable statements were put into public records. Jail. Posted on the St. Louis county Jail website. Communicated to jail employees.

2. The statement was false; The liable statements was proven false when the court amended the charge of 1st degree threats against of a peace officer and dismissed the charge.

3. **The statement tends to harm the plaintiff's reputation and lower the plaintiff in estimation of the community; It is proven that it has lower the estimation and reputation in the community though the liable statements made by officer Schutte in her police report by how the community will view the liable statements in the reports and will change the way people look at me, my business now or in the future. It will lower peoples view of my business and diminish by profits and future profits. The statement made by the officers will be stuck into public records for anyone to view at any given time. Including future business dealings and business handlings.**

4. **The recipient of the false statement reasonably understands it to refer to a specific individual. I understand that the liable statement made by officer Schutte and the other officers was about me. Through the false police reports submitted by officer Schutte and the other officers and though the False Charge brought against me of 1st degree threats against a peace officer.**

**I am asking in the form of relief in General damages and Compensatory damages in the amount of $ 100,000,000 and that all legal fees be paid by the respondent to the petitioner and all the officers involved be relieved of their official duties permanently and not be allowed to work in any form of law enforcement now or in the future.**

**Respectfully Submitted,**

**Clifton Scott Campbell**

03/20/2025

X Clifton S. Campbell

**CC: St. Louis County Courthouse, CC: St. Louis Count City Attorney Rebecca St. George, CC: Chief Tusken, CC: Officer Kneeland, CC: Officer Schutte, CC: Officer Lemendger**