**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

CLIFTON SCOTT CAMPBELL,

                                                              Civil No. 25-1476 (JRT/LIB)
                              Plaintiff,

v.

CITY OF DULUTH,
                                                    **ORDER ADOPTING REPORT AND**
OFFICER KNEELAND,                                        **RECOMMENDATION**

OFFICER LEMENDGER,

OFFICER SCHUTTE,

FORMER CHIEF TUSKEN,

                              Defendants.

---

Clifton Scott Campbell, 23 Mesaba Avenue, Duluth, MN 55806, *pro se* Plaintiff.

Ashley M. Ramstad, Carlos B. Soto-Quezada, and Stephanie A. Angolkar, **IVERSON REUVERS**, 9321 Ensign Avenue South, Bloomington, MN 55438, for Defendants Officer Kneeland, Officer Lemendger, and Officer Schutte.

Elizabeth Sellers Tabor and Paige Orcutt, **CITY OF DULUTH ATTORNEY'S OFFICE**, 411 West First Street, 440 City Hall, Duluth, MN 55802, for Defendants City of Duluth and Former Chief Tusken.

On October 15, 2025, United States Magistrate Judge Leo I. Brisbois issued an Order and Report and Recommendation ("R&R") ordering that Plaintiff Clifton Scott Campbell's Motions to Amend the Complaint (Docket Nos. 28, 32, and 36) be denied and

recommending that Defendants' Motions to Dismiss the Complaint (Docket Nos. 7 and 15) be granted in part and denied in part.  After the deadline for objections had passed,[1] Campbell filed an objection to the R&R, raising arguments about the veracity of the body-worn and dash-cam footage that had already been presented to and considered by the Magistrate Judge.  (Obj. to R&R, Nov. 21, 2025, Docket No. 46.)

Objections which are not timely and "merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review but rather are reviewed for clear error."  *See, e.g., Montgomery v. Compass Airlines*, LLC, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) ; Fed. R. Civ. P. 72(b)(3).  In the absence of specific objections, an R&R is reviewed for clear error.  Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

Applying this standard, the Court finds that the R&R is not clearly erroneous.  The Magistrate Judge's recommendation is fully supported by both the record and applicable legal principles.  Accordingly, the Court will overrule Campbell's objection, adopt the R&R, and will grant in part and deny in part Defendants' Motions to Dismiss the Complaint.  To

---

[1] To be timely, objections to the R&R must be filed within 14 days.  Fed. R. Civ. P. 72(b)(2); D. Minn. LR 72.2(b)(1).  Campbell's objections were filed more than three weeks after this deadline had passed.

the extent Defendants seek dismissal of Plaintiff's claims, their motions will be granted, but to the extent Defendants seek dismissal **with prejudice**, their motions will be denied.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's Report and Recommendation (Docket No. [45]) is **ADOPTED**.

2. Plaintiff Clifton Scott Campbell's Objection to the Report and Recommendation (Docket No. [46]) is **OVERRULED**.

3. Defendant Kneeland, Defendant Lemendger, and Defendant Schutte's Motion to Dismiss (Docket No. [7]) is **GRANTED in part and DENIED in part**.

   a. The present action, as alleged against Defendant Kneeland, Defendant Lemendger, and Defendant Schutte is **DISMISSED** as follows:

      i. Plaintiff's excessive force claim asserted against Defendant Kneeland——on the basis of Defendant Kneeland having twisted Plaintiff's arm too forcefully behind his back——is **DISMISSED without prejudice**;

      ii. Plaintiff's excessive force claim asserted against Defendant Kneeland—on the basis of Defendant Kneeland having allegedly punched Plaintiff in the jaw—is **DISMISSED without prejudice**;

-3-

iii. Plaintiff's excessive force claim asserted against Defendant Kneeland—on the basis of Defendant Kneeland having pushed Plaintiff to the ground while Plaintiff resisted arrest—is **DISMISSED without prejudice**;

iv.  Plaintiff's excessive force claim asserted against Defendant Kneeland—on the basis of Defendant Kneeland placing his hand and arm underneath Plaintiff's chin—is **DISMISSED without prejudice**;

v. Plaintiff's failure to intervene claim asserted against Defendant Lemendger and Defendant Schutte is **DISMISSED without prejudice**;

vi. Plaintiff's state law claim for intentional infliction of emotional distress as asserted against Defendant Kneeland, Defendant Lemendger, and Defendant Schutte is **DISMISSED without prejudice**; and

vii. Plaintiff's state law claim for defamation as asserted against Defendant Schutte is **DISMISSED without prejudice**.

4. The City of Duluth and Defendant Tusken's Motion to Dismiss (Docket No. [15]) is **GRANTED in part and DENIED in part**.

a. Plaintiff's § 1983 claims against the City of Duluth and Defendant Tusken are **DISMISSED** as follows:

i.  Plaintiff's § 1983 claims under *Monell* against the City of Duluth are **DISMISSED without prejudice**;

ii.  Plaintiff's § 1983 claim against Defendant Tusken in his individual and official capacity is **DISMISSED without prejudice**;

iii.  Plaintiff's state law claim for intentional infliction of emotional distress as asserted against the City of Duluth and Defendant Tusken is **DISMISSED without prejudice**; and

iv.  Plaintiff's state law claim for defamation as asserted against the City of Duluth and Defendant Tusken is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 23, 2026                          _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                               JOHN R. TUNHEIM
                                                   United States District Judge